## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-20-2492** |
| | * | |
| **DENNIS JALI, ARLEY RAY JOHNSON, JOHN FRIMPONG, 1ST MILLION LLC, SMART PARTNERS LLC, and ACCESS TO ASSETS LLC,** | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

The Commodity Futures Trading Commission ("CFTC"), an independent federal agency, brought this civil action alleging that Defendants Dennis Jali, Arley Ray Johnson, and John Frimpong, acting individually in concert with each other, and through and on behalf of, Defendants 1st Million LLC, Smart Partners LLC, and Access to Assets LLC ("A2A"), operated a fraudulent commodity interest pool in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1–26 (2018), and the Commission Regulations, 17 C.F.R. pts. 1–190 (2019). ECF No. 1. Pending before the Court is Defendant Arley Ray Johnson's Motion to Vacate Order of Default, ECF No. 34, and Defendant John Frimpong's Motion to Vacate Default, ECF No. 36. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendants' Motions to Vacate, ECF Nos. 34 & 36, are denied, without prejudice.

1

I.      **BACKGROUND**[1]

The facts of this case were fully set forth in the Court's Memorandum Opinion dated

June 1, 2021, ECF No. 31, with facts relevant to the pending motions repeated here. According

to CFTC, Defendants fraudulently solicited over $28 million from members of the public under

the guise of those individuals becoming participants in a commodity interest pool (the "1st

Million Pool") for trading foreign exchange contracts ("forex") and digital assets such as bitcoin.

ECF No. 1 ¶¶ 1, 30. Defendants allegedly accomplished this fraudulent solicitation, in part, by

invoking religious parlance and pitching the 1st Million Pool as a means of obtaining financial

freedom to support churches and charitable religious causes and by making misrepresentations

regarding the nature, performance, and operation of the 1st Million Pool. *Id.* ¶¶ 4, 33, 41.

Defendants represented that (1) participant funds would be held in trust and then returned

to participants in their entirety at the end of the pool participation term; (2) participant funds

would be used to trade forex and bitcoin through pooled trading accounts; (3) all trading would

be done by licensed, experienced traders; and (4) that participants would receive guaranteed

returns generated by Defendants' trading. *Id.* ¶¶ 4, 30, 36–37, 41–46, 50–52. In reality, the CFTC

contends that Defendants did not hold participant funds in a trust or escrow account, but rather

that they opened at least nine bank accounts where the funds were commingled with Defendants'

personal funds. *Id.* ¶¶ 5, 54, 60. Moreover, Defendants used at least $7 million of the

commingled funds for personal and business expenses, *id.* ¶ 60, and none of the approximately

$28 million in participant funds that Defendants received were sent to a forex trading account in

the name of 1st Million, Smart Partners, or A2A, and no 1st Million Pool funds were used for

forex trading. *Id.* ¶ 56.

---

[1] All facts herein are taken from CFTC's Complaint, ECF No. 1.

Defendants allegedly attempted to conceal their fraud and misappropriation of participant funds by making Ponzi-type payments to pool participants—*i.e.* paying some participants their supposed profits by using the misappropriated funds of other participants. *Id.* ¶¶ 6, 63. In late 2018, however, Defendants began having difficulty meeting participant demands for the return of their initial investments as well as making payments for guaranteed periodic returns. *Id.* ¶ 63. By May 17, 2019, Defendants had informed the majority of 1st Million Pool Participants that the 1st Million Pool had ceased trading, *id.*, and since that time, Defendants have continued to misrepresent why they cannot return participant funds to those who have requested their money back. *Id.* ¶¶ 4, 66, 67.

On August 28, 2020, CFTC filed a three-count Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief against Defendants. ECF No. 1. Relevant here, CFTC served Defendant Frimpong on October 16, 2020, ECF No. 17, and Defendant Johnson on November 4, 2020, ECF No. 20.[2] On October 6, 2020, the United States applied to intervene in this matter pursuant to Federal Rule of Civil Procedure 24 and to stay discovery pending the resolution of a parallel criminal case. ECF No. 16 at 1.[3] CFTC took no position on the United States' motion to stay this proceeding, *id.* ¶ 11. This motion remained pending at the time CFTC filed its Motion for Clerk's Default, pursuant to Federal Rule of Civil Procedure 55(a), on May 12, 2021. ECF No. 23. On May 14, 2021, the Clerk entered a notice of default against Defendants Frimpong and Johnson, ECF Nos. 28 & 29.[4]

---

[2] Though not at issue here, CFTC served Defendants Smart Partners on September 2, 2020, ECF No. 11, 1st Million on September 21, 2020, ECF No. 12, and A2A on September 21, 2020, ECF No. 13.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[4] The Clerk also entered notices of default against Defendants Smart Partners, 1st Million, and A2A. ECF Nos. 25–27.

On June 1, 2021, the Court granted the United States' motion to intervene and to stay discovery. ECF No. 31 at 10. The Court also granted CFTC's motions to extend time to serve Defendant Jali, who fled the United States in May 2019 and was arrested by South African authorities in August 2020. *Id.* at 9. The Court further ordered that, upon Defendant Jali's extradition to the United States, CFTC had 90 days to serve him. ECF No. 32 ¶ 3. On June 11, 2021, counsel for Defendant Johnson entered a "limited appearance" to obtain a stay in this civil proceeding, ECF No. 33, and Defendant Johnson filed the now pending Motion to Vacate Order of Default, ECF No. 34. On June 14, 2021, counsel for Defendant Frimpong also entered appearance for the same purpose, ECF No. 35, and Defendant Frimpong likewise filed the additionally pending Motion to Vacate Notice of Default, ECF No. 36. On June 25, 2021, CFTC opposed both motions. ECF No. 37. Neither Defendant filed a reply.

## II.    DISCUSSION

Defendants Johnson and Frimpong each filed Motions to Vacate pursuant to Federal Rule of Civil Procedure 55(c). Rule 55(c) provides that: "[t]he court may set aside an entry of default for good cause." Though "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005), "the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, 'defaults be avoided and that claims and defenses be disposed of on their merits.'" *Levere v. Signature Properties, LLC*, No. 21-cv-1929-ELH, 2021 WL 5494533, at *2 (D. Md. Nov. 23, 2021) (quoting *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)). Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray*, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson*

4

*v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). However, "[w]hen deciding whether to set aside an

entry of default, a district court should consider whether the moving party has a meritorious

defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting

party, the prejudice to the party, whether there is a history of dilatory action, and the availability

of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir.

2006); *see also Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712,

718 (D. Md. 2001).

      Here, Defendants provide several arguments, but do not directly address the factors

discussed in *Payne*. Specifically, Defendant Johnson argues that good cause to set aside the

Order exists because he relied upon the motion to stay and that CFTC's act of seeking default

conflicts with the "still pending motion of the United States to stay proceedings in this matter."

ECF No. 34 at 2–3. Defendant Frimpong, who adopts the Motion filed by Defendant Johnson,

additionally argues that, because he has been held without bond at the Chesapeake Detention

Facility, where there have been multiple COVID-19 outbreaks, it has been difficult for him to

both find documents or retain counsel. ECF No. 36 ¶¶ 2–3. Further, he provides that he asked his

counsel, who was retained in the parallel criminal matter, to assist with the pending Motion. *Id.* ¶

4.

      These arguments do not alone constitute good cause to vacate the order of defaults. While

Defendants' reliance on the stay, may, for example, be relevant to the issue of personal

responsibility, which is one consideration outlined by the Fourth Circuit, Defendants have failed

to specifically address the factors identified by the Fourth Circuit in *Payne,* including whether a

meritorious defense exists and whether Defendants acted with reasonable promptness. Any

motion to vacate a default should address these factors. *See Diaz v. Danny's Cleaning Serv.*,

LLC, 19-cv-1230-PWG, 2020 WL 12740430, at *1 (D. Md. Apr. 27, 2020) (noting that first motion to vacate was denied without prejudice, in part, where motion failed to address Fourth Circuit factors). Because Defendants have not done so, the Court cannot grant their Motions.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motions to Vacate, ECF Nos. 34 & 36, are denied, without prejudice. Each Defendant will be permitted to file renewed motions to vacate the default entered against him within 14 days. Any renewed motion should address the factors set forth in *Payne*. A separate Order shall issue.

Date: <u>May 24, 2022</u>                                    <u>    /s/                                        </u>
                                                            GEORGE J. HAZEL
                                                            United States District Judge